No. 25,560.

Margaret C. Kouns, *Appellee*, v. T. J. Myers et al., *Appellants*.

SYLLABUS BY THE COURT.

1. Contracts—*Ignorance of Facts—Rescission.* The evidence tended to·show these facts: In August the plaintiff contracted with the defendant, a broker, to purchase on her account a quantity of corn for delivery in December at such time as the seller should select. The defendant negotiated the purchase on the Chicago board of trade, but closed the deal by sale of the corn at a loss on Saturday, November 29, because of a rule of the board that "on contracts for the current month no member shall have open and outstanding a contract for the purchase or sale for any person not duly licensed by the food administration." The plaintiff was not so licensed. At the time, the contract was entered into the defendant knew of the rule and the plaintiff did not, and the defendant knew of her ignorance of it. He did not inform her of the rule until November 26. It is held the evidence was sufficient to support a rescission by the plaintiff and a judgment for the return of the money paid upon the contract.

2. Same—Various rulings are held not to require a reversal.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed April 11, 1925. Affirmed.

*John S. Dean, Harry W. Colmery,* and *James E. Smith,* all of Topeka, for the appellants.

*D. R. Hite, Clad Hamilton, Clay Hamilton,* and *Toll R. Ware,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Mason, J.: Margaret C. Kouns sued T. J. Myers, alleging that in July and August, 1919, she contracted with him as a broker to purchase for her for delivery at the seller's option, during the following December, 10,000 bushels of corn, at prices ranging from $1.71⅜ to $1.52 per bushel, giving him in part payment therefor $5,000, the balance of the price to be paid on delivery; that he had wrongfully failed to carry out the contract, on which account she asked the return of the money she had paid, less the sum of $2,524.78, which she had already received. She recovered judgment in accordance with her claim and the defendant appeals.

The defendant's version of the transaction is that he received from the plaintiff an order for the purchase of the corn as stated; that he bought the corn on the Chicago board of trade, but sold it at the market price (entailing a loss) on Saturday, November 29,

1919, because the plaintiff had no license from the United States food administration authorizing her to accept delivery of the corn, and the rules of the board included this: "On contracts for the current month no member shall have open and outstanding a contract for the purchase or sale for any person not duly licensed by the food adminstration."

The plaintiff pleaded that the defendant did not intend to purchase, and in fact did not purchase, any corn on her account. This issue, however, is disposed of by specific findings of the jury that an actual purchase was intended and made. But they also found that at the time of such purchase the defendant knew of the rule of the board of trade referred to and the plaintiff did not, and that the defendant knew that the plaintiff was ignorant of it and did not inform her of its existence until November 26, 1919. Under the instructions of the court, the general verdict implied also that the notice of the rule given by the defendant to the plaintiff was not timely.

1. The defendant asserts that the evidence does not tend to establish any cause of action whatever against him, but even if so it could only be one for a breach of the contract, the measure of damages being the difference between what the plaintiff received from the proceeds of the sale of the corn and its market value, or what it would have cost to replace it; in other words, that the recovery could not have been for more than a nominal amount, since the corn was sold at the market price. We think, however, the court was justified in submitting the case on the theory of rescission—in instructing the jury that if they accepted the plaintiff's version of the transaction she was entitled to the return of the money she had paid, because the defendant did not perform the contract, and gave as the sole reason therefor the existence of a condition known to him at its inception, which he had not communicated to her. Rescission is one of the remedies open to one who has paid money on the faith of a contract which the other party wrongfully fails to perform or the performance of which is impossible. (3 Williston on Contracts, §§ 1455, 1457; 1 Black on Rescission and Cancellation, §§ 196, 208.) If, as the jury found, the defendant knew that on account of the board rule referred to he could not hold the corn for delivery to the plaintiff in the month specified in the contract unless she, before that, obtained a permit to receive it; and knowing that she was ignorant of the fact, failed to advise her of

Kouns v. Myers.

it until three days before he closed the deal, his position was at
least as unfavorable as in an ordinary case of impossibility of per-
formance.   The circumstance that the plaintiff, being entitled to
elect between rescinding and affirming the contract (2 Black on
Rescission and Cancellation, § 591), could recover nothing at all
unless he chose the former course is no disparagement to his right.
The choice between suing for rescission and asking damages will
naturally be controlled by the interests of the plaintiff.   "The
former remedy doubtless would be adopted in cases where the con-
tract, because of market or other conditions, was unfavorable to the
aggrieved party, but favorable to the repudiator; the latter would
more likely be adopted where the contrary is the case."   (10 Cornell
Law Quarterly 147.)

   2.   Complaint is made of the overruling of a motion to require an
'election between two causes of action set out in the petition. The
second one was dismissed by the plaintiff on the completion of her
evidence, and the presentation of the defendant's case does not
appear to have been hampered by the ruling.   It was therefore non-
prejudicial.

   The petition charged that the defendant did not intend to buy, and
did not in fact buy, any corn on her account.   At the conclusion of
the plaintiff's evidence she was permitted to amend by adding the
allegation that if he had bought the corn he had later canceled the
purchase.   The allowance of this amendment is complained of.   The
matter was within the discretion of the court; the defendant was
not denied full opportunity to meet the new matter, and no prejudice
is shown to have resulted.   The amendment did not change the
cause of action; it merely made more definite the nature of the
charge.   The original petition alleged as the basis of the action the
defendant's failure to carry out his contract.   It alleged, as a matter
of detail, that he had not intended to purchase the corn and had not
done so, but professed that after buying it he had closed out the
trade by selling it.   The amendment added that even if he had pur-
chased it he had not delivered it to the plaintiff, but had sold it
prior to the first of December.   We regard this as a mere elaboration
of the cause of action sued upon, not as the pleading of a new one.

   The plaintiff was allowed to introduce evidence that she had made
a demand on the defendant for the names of the persons from whom
he had bought the corn.   A statute makes the refusal of such a
demand in some circumstances *prima facie* evidence that the trans-

action to which it refers was illegitimate. (R. S. 50-126.) The defendant urges that the admission of the evidence was error because the section of the statute cited has to do only with the administration of the criminal law and has no application to civil litigation. Assuming that to be true, we think no prejudice could have resulted, because the jury found against the plaintiff upon the issue to which the matter was directed—whether the defendant had actually bought corn according to the plaintiff's directions.

The defendant suggests that in order to constitute a cause of action for rescission, the facts relied on must have existed at the time the contract was made. The recovery of the money he had paid is one of the remedies ordinarily open to a purchaser for the failure of the vendor to deliver chattels in accordance with his contract. (See texts already cited.)

The judgment is affirmed.

Burch, J., dissenting.